### SMYTHE v. TOMLINSON.

#### (Supreme Court, Special Term, Kings County. March 6, 1913.)

1. TRUSTS (§ 371*)—ENFORCEMENT OF TRUST—SUFFICIENCY OF COMPLAINT.

A complaint averring that defendant accepted a trust fund, to be held and administered for the benefit of a class of persons of whom plaintiff was one, and in violation of his trust and of his duty to plaintiff, and others similarly situated, suffered the fund to be taken from his possession unlawfully without making any defense, and paid it over to a stranger, who had no legal right to receive it, whereby plaintiff suffered injury, and asking that defendant account for and restore the fund, states a cause of action.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 588–599; Dec. Dig. § 371.*]

2. PLEADING (§ 67*)—ANTICIPATING DEFENSES—EFFECT ON COMPLAINT.

While anticipation of the defense may be bad pleading, it does not destroy a cause of action stated.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 139; Dec. Dig. § 67.*]

Action by Roland M. Smythe, on behalf of himself and all other stockholders of the New York Phonograph Company similarly situated, against John C. Tomlinson, Jr. On motion by plaintiff for judgment on the complaint and demurrer. Motion granted, with leave to withdraw demurrer and answer.

Carroll Sprigg, of New York City, for plaintiff.
Henry Scher, Jr., for defendant.

BENEDICT, J. Motion by plaintiff for judgment on the pleadings, viz., complaint and demurrer. The suit is one in equity to impress and declare a trust upon a fund which the defendant received under an agreement in writing made for the benefit of a class of persons of whom plaintiff was one. The demurrer is put upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

[1, 2] If it do not, it surely is not the fault of the pleader, for the complaint is 59 folios in length and contains an array of facts which ought to be more than sufficient to constitute the cause of action intended. Indeed, if any criticism were to be made of the complaint, it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would have to be on the score of its lax verbosity, its pleonasm, and its tautology. It is needlessly anticipatory of the defense, and is an example of an obsolete, or at least obsolescent, style of equity pleading, which has long since outlived the usefulness which at one time it was supposed to have, when the draftsman was paid by the folio. But, with all its faults, it states a cause of action. It charges in substance that the defendant, having accepted and received a trust fund of $32,-000, to be held and administered for the benefit of a class of persons of whom the plaintiff claims to be one, in violation of his trust and of the duty which he owed to the plaintiff, and to others similarly situated, suffered the fund to be taken out of his possession unlawfully without making any defense, and paid it over to a stranger, who had no lawful right to receive it, whereby the plaintiff and others suffered injury, and it asks that the defendant restore the fund and account for it in this suit. That is a sufficient statement of a cause of action in equity, as it doubtless would have been, also, had the plaintiff chosen to declare on the common count for money had and received, and it might have been stated in one or two folios. The anticipating of the defense may be bad pleading, but it does not destroy the cause of action stated.

Motion for judgment on the pleadings granted, with costs, and with leave to defendant to withdraw demurrer and serve an answer within 20 days, on payment of costs.